THE OKLAHOMA EMPLOYEE DEFERRED COMPENSATION PLAN
The State of Oklahoma Employee Deferred Compensation Plan Trust Indenture and the State of Oklahoma Employee Deferred Compensation Plan, as submitted, comply with the provisions of Senate Bill 264, 33rd Oklahoma Legislature, 2nd Session (74 O.S. 1701 [74-1701] (1972)), and that the trustees may legally consider such plan and trust indenture for adoption. The Attorney General has received your letter of February 6, 1973, wherein you make the following statements: "At the November 8, 1972, meeting of the Trustees of the Oklahoma Employee Deferred Compensation Trust, we decided that you should, upon receipt of a favorable tax ruling from the Internal Revenue Service pursuant to a submission made by you, furnish an opinion as to whether the Oklahoma Employee Deferred Compensation Plan and the accompanying trust indenture would meet the requirements of Senate Bill 264. "You are in receipt of a favorable ruling from the Internal Revenue Service dated January 31, 1973, which is based upon the plan and trust as submitted by you to the Service with certain technical changes in the plan." You then, on behalf of the Board of Trustees ask, in substance, the following question: "Does the plan and trust as approved by the Internal Revenue Service comply with Senate Bill 264, and may the trustees legally adopt such plan and trust ?" Your question involves Senate Bill 264, 33rd Oklahoma Legislature, 2nd Session (74 O.S. 1701 [74-1701] (1972)), which authorizes the creation of a board of trustees consisting of the Governor, the Attorney General, the State Finance Director, the Chairman of the Oklahoma Tax Commission, and two additional members to be appointed by the Governor. Section 1701 further provides, in part, as follows: "The board shall make whatever administrative appointments are necessary to carry out the purpose and intent of this Section and in the administration of trust account assets, and an individual account shall be maintained on behalf of each participating employee. The investment of trust assets with respect to each participating employee's account shall be made in such manner that not less than one-half is allocated to one or more retirement or annuity contracts issued by a legal reserve life insurance company licensed to do business in the State of Oklahoma. No such contract shall provide for death benefits in excess of an incidental amount as defined in Section 26 U.S.C.A. 401(a) of the United States Internal Revenue Code as amended. The balance of such account assets shall be invested by the trustees in accordance with the prudent man investment rule." You have submitted to us the State of Oklahoma Employee Deferred Compensation Plan Trust Indenture setting forth the terms of the trust contemplated by 74 O.S. 1701 [74-1701] (1972). The purpose of the trust as provided in Section 1701, is for the "purpose of the investment of contributions made pursuant to the plans authorized by this section". The trust indenture contains provisions for the investment of contributions, general duties of the trustees, administration expenses, for an Administrative Council, powers of trustees, trustees' report, modification and termination, miscellaneous provisions, and acceptance of the trust. These provisions comply with the requirements of 74 O.S. 1701 [74-1701] (1972). You have also submitted The State of Oklahoma Employee Deferred Compensation Plan which is to be considered for adoption by the trustees concurrently with the trust indenture. Title 74 O.S. 1701 [74-1701] (1972) sets forth the significant requirements of a plan as follows: First, that it be voluntary; Second, that an individual account be maintained as regards each employee; Third, that at least one-half of each employee's account be allocated to an annuity or retirement contract which is issued by a legal reserve life insurance company licensed to do business in Oklahoma; and Fourth, the contract shall not provide for death benefits in excess of those defined as "incidental" in Section 401(a) of the Internal Revenue Code. These requirements are met by the provisions of the plan as follows: Sections 2.01, 2.02, and 2.03 provide that the plan is "voluntary" in that each individual employee is entitled to elect whether or not to participate; Section 3.02 provides for the administrators and trustees to maintain a separate account for each employee; Section 4.01 provides that at least one half of each employee's account shall be invested in an annuity or retirement contract; Section 4.01 also complies with the requirement that death benefits in excess of those defined as "incidental" in Section 401(a) of the Internal Revenue Code not be provided. There is no express requirement in the plan or trust indenture that the companies issuing such contracts be licensed to conduct business in Oklahoma. However, there is, similarly, nothing in the plan or trust which expressly conflicts with this requirement. It is, therefore, the opinion of the Attorney General that the State of Oklahoma Employee Deferred Compensation Plan Trust Indenture and the State of Oklahoma Employee Deferred Compensation Plan, as submitted, comply with the provisions of Senate Bill 264, 33rd Oklahoma Legislature, 2nd Session (74 O.S. 1701 [74-1701] (1972)), and that the trustees may legally consider such plan and trust indenture for adoption. (Marvin C. Emerson)